IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal Action No. 21-00223-KD |
| | ) |
| JORGE LUIS LOPEZ PINCAY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Defendant Jorge Luis Lopez Pincay's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 109). Upon consideration, and for the reasons set forth herein, the motion is denied.

A. Statement of the law and standard of review

Effective November 1, 2023, the United States Sentencing Commission enacted Amendment 821 to the United States Sentencing Guidelines. The Commission deemed that Part A and Part B Subpart 1 of the Amendment apply retroactively. U.S.S.G. § 1B1.10(d). See United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("[A]mendments claimed in [18 U.S.C.] § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10([d]).") (emphasis in original). Relevant here, Part B Subpart 1 of Amendment 821 creates a new Chapter Four Guideline which provides for a decrease of two levels from the offense level determined under Chapters Two and Three for certain zero-point offenders who meet all the criteria identified in U.S.S.G. § 4C1.1.

Pursuant to 18 U.S.C. § 3582(c)(2), the Court must first determine whether Part B Subpart 1 does, in fact, lower the defendant's offense level and consequently lower the sentencing guidelines range, and if so, determine whether a reduction would be consistent with the applicable policy statement, U.S.S.G. § 1B1.10. United States v. White, 822 Fed. Appx. 915, 916 (11th Cir. 2020)

("… under § 3582(c)(2), where a defendant's term of imprisonment was based on a guideline range 'that has subsequently been lowered by the Sentencing Commission,' a district court has the discretion to reduce the sentence if that kind of reduction is consistent with applicable policy statements of the Guidelines."). "During this first step, only the amended guideline is changed, and all other guideline-application decisions made during the original sentencing remain intact." <u>United States v. Sawyer</u>, 853 Fed. Appx. 578, 579 (11th Cir. 2021) (citing <u>United States v. Bravo</u>, 203 F.3d 778, 780 (11th Cir. 2000) ((holding that § 3582(c)(2) "does not constitute a de novo resentencing" and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").

Second, the Court must determine whether the factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction. 18 U.S.C. § 3582(c)(2) ("… the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). Thus, the Court has discretion to decide whether to reduce a sentence and to what extent. <u>United States v. Williams</u>, 557 F. 3d 1254, 1257 (11th Cir. 2009); <u>United States v. Vautier,</u> 144 F.3d 756, 760 (11th Cir. 1998).

B. <u>Analysis</u>

Pincay pled guilty to the offense of conspiracy to distribute cocaine on board a vessel. He now moves the Court to retroactively apply Part B Subpart 1 and reduce his offense level by two points on grounds that he is a "zero-point" offender, i.e., an offender with no criminal history points (doc. 109). Pincay's assertion is correct. Originally, his criminal history score was zero, his criminal history category was I, and his total offense level was 35, which yielded a guidelines range of 168 to 210 months.

Applying the two-level reduction as provided in Subpart B Part 1, yields a total offense level of 33, and with a criminal history category of I, his recalculated guidelines range is 135 to 168 months.  However, at sentencing, based on Pincay's lack of criminal history, the Court varied below the low-end of the guidelines range.  In other words, the Court considered the purpose and effect of Part B Subpart 1 when Pincay's 48-month sentence was imposed.[1]

Pincay argues that the Court varied downward from the original low end of the guidelines range – 168 months – by 71% to impose a sentence of 48 months (doc. 109).  He moves the Court to apply a comparable downward variance off the low end of the recalculated sentencing guidelines range - 135 months – by 71%, which would yield a sentence of 39 months (Id.). However, pursuant to the applicable Policy Statement, unless the United States moved for a reduction of sentence pursuant to Fed. R. Crim. P. 35(b), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(1) and this policy statement to a term that is less than the minimum of the amended guideline range …" U.S.S.G. § 1B1.10(b)(2)(A) and (b)(2)(B).  Since Pincay's 48-month sentence is "less than" 135 months, "the minimum of the amended guideline range" and there was no Rule 35(b) motion, the Court cannot further reduce his sentence. Therefore, he is not eligible for relief. See § 1B1.10, Application Note 3 ("if the term of imprisonment was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies.").

DONE and ORDERED this the 7th day of May 2024.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court also varied below the guidelines range based on other factors not relevant to this motion.